CAROLINE E. WILCOX v. STEPHEN HENDERSON.

Suit to recover amount of certain notes obtained by defendant from plaintiff and paid by her, as alleged, for defendant's benefit. Plea, prescription of five and ten years. To meet this, the plaintiff urged that the Supreme Court had not decided until 1854, that she was not responsible for the debts of her former husband, and that, previous to that decision, she was not bound to bring this action. *By the Court :* The action of the court in that case did not have the effect of suspending the course of prescription against her.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Robertson*, J. *Lacey*, for plaintiff and appellant. *J. M. & J. E. Elam*, for defendant.

VOORHIES, J. This is an action brought by the plaintiff for the repetition of the sum of $3,000, alleged to have been advanced by her at various times

to take up certain notes which the defendant had obtained from her for his own benefit and accomodation, and on account of which she had derived no benefit whatever, said notes having been given by her in error and at a time and under circumstances which relieved her from all liability.

The defendant pleaded as a bar to the action, the prescription of five and ten years; the one as to his liability as a party to the notes, and the other for the reimbursement of money paid on his account.

The plaintiff is appellant from a judgment sustaining the defendant's peremptory exception.

The facts on which her demand is founded may be succinctly stated as follows: In the month of March, 1842, as widow of the late *H. A. L. Mussenden*, she renewed a note of $1000, dated the 8th of April, 1840, and payable on the 1st of April, 1842, of which her husband was the maker and *P. A. Walker* the endorser, by giving in lieu thereof her own note for $800, and $265 cash. The Bank of Louisiana recovered a judgment against her for the amount of her note given in renewal. It is alleged that the note of $1000 was discounted by the Bank of Louisiana, and the proceeds placed to the credit of the defendant, on or about the 7th of July, 1841. On or about the 15th day of May, 1839, the defendant placed in the Bank of Louisiana *H. A. L. Mussenden's* note for $600, payable to the order of the defendant, and discounted for the benefit of the maker, which note she renewed on the 18th of May, 1840, by giving her own note for the sum of $480, endorsed by *J. Perkins.*

The present suit was instituted on the 29th of July, 1853, more than ten years after the alleged cause of action had arisen. There is nothing showing an interruption of prescription. The maxim of " *Contra non valentem agere, non currit prescriptio*," has been invoked by the appellant. It is urged by her that the Supreme Court of this State had not decided until June, 1854, that she was not responsible for the debts of her former husband, *H. A. L. Mussen-den*, and that she was not bound, previous to that decision, to bring her action for the recovery of moneys paid by her in error. See 7 R. R., 341. The action in that case did not, in our opinion, have the effect of suspending the course of prescription against her.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.